**Ben Ling WANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, United States Department of Justice, Respondents.**

No. 05–3729–AG.

United States Court of Appeals, Second Circuit.

May 9, 2006.

Norman Kwai Wing Wong, New York, New York, for Petitioner.

Rodger A. Heaton, United States Attorney for the Central District of Illinois, John E. Childress, Assistant United States

Attorney, Springfield, Illinois, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Ben Ling Wang, through counsel, petitions for review of the BIA decision denying him asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this matter.

Where, as here, the BIA adopts and affirms the IJ's decision without issuing independent findings or analysis, this Court reviews the IJ's decision directly. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

Here, substantial evidence supports the IJ's adverse credibility determination. The IJ was entitled to take into account Wang's demeanor, which, the IJ thought, indicated that Wang was not telling the truth where "[t]hroughout the testimony his manner was hesitant and, his answers to questions often trailed off in incomplete sentences or simply evolved as the hearing progressed." There is substantial evidence to support the IJ's finding that Wang invented an explanation of the implausibility in his testimony about why the authorities failed to look for his girlfriend at her mother's house. The record indicates that Wang denied that the government knew where his girlfriend lived, until he was confronted with the possibility that her mother's house would be an obvious place for the government to look for her. He testified that the government did know where she lived, but that she was able to hide at her aunt's and neighbor's houses when officials came to search for her.

Additionally, Wang was nonresponsive in answering questions about the age of his daughter. The hearing transcript reflects, that, as the IJ found, Wang's "answers vacillated between 'two or three' to a little more than two," and with regard to his daughter's age in the photograph he provided, that he "flip-flopped between saying she was a few months old to saying that she was a year old." Substantial evidence also supports the IJ's finding that Wang's testimony was internally inconsistent because he stated that he never asked his uncle to send him a letter to corroborate his story, but then he stated that he had requested that his uncle send the letter.

Finally, the IJ did not abuse its discretion that because Wang's testimony was non-credible, he was required to provide additional corroborating evidence to support his claim. The IJ acted within his discretion in declining to give any weight to some of the documentary evidence Wang did provide because it contradicted his testimony, e.g., (1) Wang testified that his daughter was born in November 2001, but the letter he provided from a midwife indicated that she was born in January 2001, and (2) Wang testified that he received the photograph of his daughter in

February or March 2003, then stated that he received it along with his girlfriend's letter in June 2003.

We therefore conclude that the IJ properly found that because of Wang's non-credible testimony and lack of credible corroborating documentation, he failed to meet his burden of proof for asylum, withholding of removal or CAT relief. *Id.* at 35–36. Accordingly, Wang's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).